# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:19-cv-00512-MOC
### (3:11-cr-00258-MOC-DSC-2)

| | | |
|---|---|---|
| **DARRYL BOOKER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner Darryl Booker's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1].

Petitioner pleaded guilty to and was convicted in this Court on one count of Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951(a) (Count One); one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (Count Two); one count of possession of a firearm in furtherance of a drug trafficking crime or crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three); one count of conspiracy to use or carry a firearm in furtherance of a drug trafficking crime or crime of violence, in violation of 18 U.S.C. § 924(o) (Court Four); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Five). Criminal Case No. 3:11-cr-00258-MOC-DSC, Doc. 94: Judgment. Petitioner was sentenced to 121 months on Counts One, Two, and Four and 120 months on Count Five, to be served concurrently, and a consecutive sentence of 60 months on Count Three, for a total term of imprisonment of 181 months. Judgment was entered on November 7, 2012, [Id. at 2], and affirmed by the Fourth Circuit Court of Appeals [Doc. 127].

On June 23, 2014, Petitioner filed a § 2255 motion to vacate, which the Court denied on the merits. [3:14-cv-00341, Docs. 1, 10]. Petitioner then filed a motion to amend or supplement his § 2255 motion, which had already been denied, seeking relief under Johnson v. United States, 135 S. Ct. 2551 (2015). The Court denied this motion as moot and, alternatively, as an unauthorized successive petition. [Id., Doc. 19]. Petitioner appealed [Id., Doc. 20] and the Fourth Circuit affirmed [Criminal Case No. 3:11-cr-258, Doc. 172].

Petitioner again moves under § 2255 to amend, correct, or vacate his sentence. The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. See § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Petitioner provides no evidence that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. Consequently, the Court lacks jurisdiction to consider the instant Motion to Vacate, and it must be dismissed. See Winestock, 340 F.3d at 205.

The Court also notes that Petitioner's § 2255 motion is not signed under penalty of perjury. Should Petitioner obtain authorization from the Fourth Circuit to file a second or successive petition and properly file a § 2255 motion with this Court, it must be signed under penalty of perjury. Rule 2(b)(5), 28 U.S.C.A. foll. § 2255 (motion to vacate must be signed under penalty of perjury "by the movant or by a person authorized to sign it for the movant").

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate [Doc. 1] is **DISMISSED** without prejudice as an unauthorized, successive motion under 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 18,

Max O. Cogburn Jr
United States District Judge